UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTONIO D. CRAWFORD, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>B. LAMMER, )<br>)<br>Respondent. ) | No. 2:20-cv-00148-JRS-MJD |

**Order Denying Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Directing Entry of Final Judgment**

Petitioner Antonio Crawford pleaded guilty in the United States District Court for the Central District of Illinois to mailing threatening communications in violation of 18 U.S.C. § 876(c). *United States v. Crawford*, 1:13-cr-10048-JES-JEH-1 (C.D. Ill. 2015) ("C.D. Ill. Cr. Dkt."). He seeks relief from his conviction and sentence pursuant to 28 U.S.C. § 2241. For the following reasons, Mr. Crawford's habeas petition must be **denied**.

### I. Procedural and Factual Background

A. *Mr. Crawford's Previous Convictions*

Before the conviction he challenges in this case, Mr. Crawford had pleaded guilty to one charge of bank robbery and one charge of attempted bank robbery in the Northern District of Illinois. *United States v. Crawford*, 1:11-cr-500-1 (N.D. Ill. 2012) ("N.D. Ill. Cr. Dkt."). On August 1, 2012, the court sentenced him to an aggregated 96-month prison term. Noting that Mr. Crawford had been diagnosed with "schizoaffective disorder biopolar type," "substance dependency," and a "personality disorder," the court stated that it was making a "strong recommendation" that Mr. Crawford receive mental health counseling and treatment as well as drug abuse counseling and treatment while incarcerated. N.D. Ill. Cr. Dkt. 68, p. 23, 26.

At the time of sentencing, Mr. Crawford had two pending criminal cases in state court, one connected with the bank robbery, as well as a second case. In sentencing him for the bank robbery, the court stated that Mr. Crawford's sentence would run concurrently with the not-yet-imposed sentence in the first of those cases but left it up to the state court judge to decide whether the sentence in the second of the state court cases would be concurrent. *Id.* 28-29. However, the court's written judgment inadvertently omitted the concurrent-sentence term. N.D. Ill. Cr. Dkt. 58.

In October 2012, Mr. Crawford was sentenced on the two state court cases. In the first case (Cook County, Illinois, Case No. 11 CR 1345601), which arose from the same bank robbery as Mr. Crawford's federal case, the state court judge imposed a six-year prison term. In the second case (Cook County, Illinois, Case No. 11 CR 12880), the state court judge imposed a fifteen-year prison term. Once Mr. Crawford was sentenced on the two state court cases, he was remanded to the custody of the Illinois Department of Corrections. According to the Illinois Department of Corrections website, Mr. Crawford's parole date was December 16, 2019, and his projected discharge date is December 16, 2022. *Crawford v. United States*, 1:14-cv-4098 ("N.D. Ill. Civ. Dkt.") dkt. 50, p. 2.

In March 2013, the Northern District of Illinois amended the judgment to provide that Mr. Crawford's federal sentence was to be concurrent with his sentences in both of the state-court cases. N.D. Ill. Crim. Dkt. 67. The amended judgment also stated that Mr. Crawford's federal sentence was considered to have begun as of the original sentencing date, August 1, 2012. N.D. Ill. Civ. Dkt. 50, p. 2.

B. *Mr. Crawford's Threatening Conviction*

On or around November 26, 2012, while housed by the Illinois Department of Corrections, Mr. Crawford "mailed to the federal courthouse in Portland, Maine, several letters vowing that

2

federal judges and prosecutors in that district would 'pay' just as he had 'paid all my money to see most of yall dead.' He also wrote that he would rape the Assistant United States Attorney allegedly responsible for prosecuting his 'brother.'" *United States v. Crawford*, 665 F. App'x 539, 540 (7th Cir. 2016). In April 2013, he was charged in the Central District of Illinois with mailing threatening communications in violation of 18 U.S.C. § 876(c). C.D. Ill. Crim. Dkt. 1.

In November 2014, Mr. Crawford, without a plea agreement, pleaded guilty to the charge and "admitted to making a threat in the letter to essentially kill a federal judge, perhaps to try to blow up the federal courthouse in Maine, and also for a prosecutor, a female, which would be an Assistant U.S. Attorney, in that situation to rape her and then hear her scream for her life." C.D. Ill. Crim. Dkt. 80, p. 10-11. Mr. Crawford wrote the letters because he was upset about a drug sentence his brother had received. C.D. Ill. Crim. Dkt. 81, p. 10-11, 35. While speaking with investigators, Mr. Crawford stated "he definitely meant the threat; and if the judge and prosecutor did not reduce the family member's sentence he would call the Vice Lords members out in Maine." C.D. Ill. Cr. Dkt. 81, p. 10-11, 35-36. Mr. Crawford acknowledged that these facts were the basis of his guilty plea. C.D. Ill. Cr. Dkt. 80, p. 11.

At the sentencing hearing held in June 2015, the court addressed Mr. Crawford's mental health issues and noted that he suffered from some depression and antisocial personality disorder, but that it was "hard to imagine that those conditions would have you make these types of threats." C.D. Ill. Cr. Dkt. 81, p. 36. The court noted that "[a]ccording to the letters, [Mr. Crawford] wanted a sentence for [his] brother lowered." *Id.* p. 35.

At the hearing, the prosecutor advised the court of the Supreme Court's then-recent decision in *Elonis v. United States*, 135 S. Ct. 2001 (2015), which held that a valid conviction under § 876(c) requires "that the person making the statements must have some intent to make a threat." C.D. Il.

3

Cr. Dkt. 81, p. 8. The prosecutor noted that "in this case, it's rather clear, I think, from the presence report and the defendant's guilty plea that he admitted making this statement, that he intended to make this threat in this letter…." *Id.* p. 9. The court agreed, stating that Mr. Crawford "continued to maintain this threat and the means for carrying it out." *Id.* Mr. Crawford was sentenced to a term of 70 months in prison to run consecutive to his existing federal and state sentences. *Id.* p. 37.

Mr. Crawford appealed his conviction and sentence. *United States v. Crawford*, 665 F. App'x 539 (7th Cir. 2016). He was appointed counsel who filed an *Anders* brief. Addressing *Elonis*, the Seventh Circuit held that the district court's failure to admonish Mr. Crawford during the plea colloquy that a conviction for mailing threatening communications requires proof that the defendant meant to threaten the intended recipients was not plain error. *Id.* The court noted that Mr. Crawford repeatedly told federal investigators that he intended his statements to be threats, he directed those statements toward specific federal officials, conveying a desire and plan to physically hurt them, and he mailed multiple letters, leaving opportunity between the communications to reconsider his words. *Id.* Based on that record, the court found that "it would be frivolous for [Mr.] Crawford to contend that he would have declined to plead guilty and instead gone to trial had the district court admonished that conviction would require proof that he meant to threaten the intended recipients of his letters." *Id.* at 542. Accordingly, the appeal was dismissed. *Id.* at 544.

C. *Mr. Crawford's Post-Conviction Case*

In April 2019, Mr. Crawford filed a hybrid petition pursuant to both 28 U.S.C. § 2241 and § 2255. *Crawford v. United States*, 1:19-cv-1152-JES ("C.D. Ill. Civ. Dkt.") Order of June 6, 2019. Under § 2255, he claimed that there was an error in his presentence investigation report "that led

to a high, incorrect sentencing range." *Id.* He also claimed that his sentence was void because the judge had a conflict. *Id.* Under § 2241, he claimed that the Federal Bureau of Prisons improperly denied him credit for time served on his state convictions. *Id.* In July 2019, the court denied Mr. Crawford's hybrid petition. C.D. Ill. Civ. Dkt. 17.

Mr. Crawford then filed this § 2241 petition challenging his conviction for mailing threatening communications.

## II. Discussion

In this § 2241 petition, Mr. Crawford argues that his conviction is invalid because the proper *mens rea* element was not alleged in the indictment and because he did not enter his plea knowingly because at the time he believed that the government was required to prove only that he mailed the threatening letter. The respondent argues that Mr. Crawford is not entitled to relief because he had an opportunity to raise his *Elonis* claim in a § 2255 motion.

A. *Standards Under § 2241*

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015). Under very limited circumstances, however, a prisoner may employ section 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause." The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or

5

constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (*citing e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc)).

The Seventh Circuit has explained that, to fit within the savings clause, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown*, 719 F.3d at 586; *see also Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding the savings clause and holding that relitigation under § 2241 of a contention that was resolved in a proceeding under § 2255 is prohibited unless the law changed after the initial collateral review).

B. *Mr. Crawford's Elonis Claim*

The Supreme Court held in *Elonis* that a defendant cannot be convicted of mailing threatening communications under § 876(c) without proof that he transmitted "a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat." 135 S. Ct. at 2012. The Seventh Circuit explained, "[b]efore *Elonis*, we did not understand § 876(c) to require for conviction proof that the defendant purposely intended to communicate, or at least knew that his communication would be viewed as, a threat." *Crawford*, 665 Fed. App'x. at 541 (citations omitted).

While *Elonis* was not decided at the time of Mr. Crawford's guilty plea, it was decided before his sentencing hearing and it was discussed at that hearing. At the sentencing hearing, the

6

prosecutor argued that it was clear from Mr. Crawford's guilty plea that he intended to make the threats in the letters, and the court agreed. C.D. Ill. Cr. Dkt. 81 p. 8-9. Mr. Crawford did not seek to withdraw his plea at that time. On appeal, the Seventh Circuit affirmed explaining that any challenge to Mr. Crawford's plea based on *Elonis* would be frivolous because he "repeatedly told federal investigators that he intended his statements to be threats." *Crawford*, 665 Fed. App'x at 542. Mr. Crawford then filed a § 2255 motion without raising any *Elonis* claim.

In short, the claim Mr. Crawford raises in this § 2241 petition was available to him at the time of his direct appeal and § 2255 motion. Mr. Crawford has thus failed to satisfy the savings clause because he cannot show that § 2255 is inadequate or ineffective to raise his *Elonis* claim. He therefore cannot pursue this claim under § 2241. *See Roundtree*, 910 F.3d at 313 (relief under § 2241 is available when § 2255 is inadequate or ineffective to challenge the detention).

Mr. Crawford also argues that he is actually innocent of the § 876(c) conviction because his only intent in mailing the threatening letters was to be transferred from Illinois state custody to federal custody. But Mr. Crawford admitted at his plea hearing that the reason for his threats was to get a reduction of his brother's sentence. *See* C.D. Ill. Cr. Dkt. 80, p. 10-11; C.D. Ill. Cr. Dkt. 81 p. 35. He also admitted that he intended the threats. C.D. Ill. Cr. Dkt. 80 p. 11. He cannot now contradict those statements. *See Hurlow v. United States*, 726 F.3d 958, 968 (7th Cir. 2013) ("[R]epresentations made to a court during a plea colloquy are presumed to be true.") (citation and internal quotation marks omitted). And, even if he could, he still has failed to show that he could satisfy the savings clause and bring such a claim in his § 2241 petition.

### III. Conclusion

For the foregoing reasons, Antonio Crawford's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**.

Mr. Crawford's motion to remand him to United States Marshal custody, dkt. [20], and motion for a conditional writ of habeas corpus, dkt. [22], are **denied** as unnecessary. His motion to stay, dkt. [25], is **denied** because he presented no reason to stay the proceedings in this case. His motion to suppress sentencing transcript, dkt. [28], is **denied** because the statements made at that proceeding are directly relevant to his claims, as discussed above. His motions for a ruling, dkt. [29], and dkt. [30], are **granted** only to the extent consistent with this Order. Finally, the motion to amend, dkt. [31], is **granted** to the extent that the arguments made in that motion have been considered.

Final judgment dismissing this action with prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 8/4/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTONIO D. CRAWFORD
43793-424
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov